UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CYNTHIA L. HOPKINS,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>Defendant. | No. 2:15-CV-00079-JTR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-Motions for Summary Judgment. ECF No. 14, 15. Attorney Dana C. Madsen represents Cynthia L. Hopkins (Plaintiff); Special Assistant United States Attorney Leisa A. Wolf represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## PROCEDURAL HISTORY

The following is a timeline of the procedural history of Plaintiff's applications for benefits:

**February 8, 2012.** Plaintiff filed an application for disability insurance benefits (DIB) alleging an onset date of October 1, 2009. Tr. 24-26, 68-69. Plaintiff's application is part of the record. Tr. 68-69.

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

**April 9, 2012.** Based on the evidence of record, a medical analysis was completed on Plaintiff's application for DIB from the date of onset through the date last insured (October 1, 2009, through December 31, 2009). Matthew Comrie, PSYD opined that Plaintiff did not have a medically determinable impairment during the relevant time period. Tr. 26-27. The evidence of record is limited to a work history report from Plaintiff dated April 9, 2012; no medical records were considered by the reviewer. Tr. 26.

**April 12, 2012.** Plaintiff's application was denied in a Notice of Disapproved Claim. Tr. 29.

**May 20, 2013.** A letter from the Social Security Administration titled "Important Information" states the following:

> On **April 12, 2013** we sent you a letter about our decision on your claim for Social Security disability benefits. We told you that if you did not agree with the decision, you could request an appeal within 60 days from the date you received that letter. Our records show that you did not request an appeal until **May 16, 2013. This is 4 days after the appeal end date.**"

Tr. 110.

**July 9, 2013.** Plaintiff reapplied for DIB alleging an onset date of October 1, 2009. Tr. 75. Plaintiff's application is associated with the record. Tr. 75-76.

**July 19, 2013.** Plaintiff's new application for DIB was denied because the "information [Plaintiff] gave us does not show that there was any change in your health before December 2009. This was when you last met the earnings requirement for receiving benefits." Tr. 32-34.

**August 12, 2013.** Plaintiff appointed Dana C. Madsen as her representative. Tr. 35. Plaintiff also filed a request for reconsideration. Tr. 38.

**August 25, 2013.** A Notice of Disapproved Claim states that Plaintiff "asked us to take another look at your claim for benefits. . . . You do not qualify for benefits because this application concerns the same issues which were decided

when an earlier claim was denied." Tr. 39-41.

**September 20, 2013.**  A Notice of Reconsideration references a "Reconsideration Filed: March 18, 20,"[1] and states the following:

> [Plaintiff] stated that we did not consider your back as part of your disability.  However our records indicate that when you filed for benefits in 03/09/2012 you were found not disabled at any time from 12/31/2005 to 12/31/2009, when you were last insured for disability benefits.  Because there has already been a medical decision denial and there was not new evidence to reopen the previous decision we denied your case res judicata meaning that since a decision was already made for the same onset date we will not be processing your appeal.

Tr. 42-44.

**September 27, 2013.**  Plaintiff requested a hearing before an Administrative Law Judge (ALJ).  Tr. 45.

**January 24, 2014.**  ALJ Marie Palachuk sent a letter to Plaintiff's counsel stating:

> The claimant previously filed an application for disability on 2/8/2012, which was denied at the initial level on 4/12/2012.  The claimant's date last insured is 12/31/2009.  Because a medical determination has been made subsequent to the expiration of the date last insured, you must submit a brief explaining why this case should not be dismissed by on the doctrine of res Judicata.  You should also submit any new and material evidence to support the claim.  *Sic*.

Tr. 46.

**January 30, 2014.**  Plaintiff filed a motion to reopen her February 8, 2012, application and requested that the February 8, 2012, application be obtained and joined with her current application.  Tr. 47-48.

---

[1] The exact year is unreadable as the last two digits are cut off on the copy provided to the Court.

**March 31, 2014.**  The ALJ issued a Notice of Hearing stating the time and location of the hearing.  Tr. 49.  Additionally, the ALJ limited the "issues I will Consider" to the July 8, 2013, application for DIB.  Tr. 51.

**June 24, 2014.**  The ALJ held a hearing where Plaintiff, represented by counsel, testified.  Tr. 175-191.

**August 1, 2014.**  The ALJ issued an unfavorable decision finding the following: "The doctrine of res judicata applies in this case, as there is no good cause with which to reopen the prior decision.  Thus, further review of the claimant's current claim is precluded. The prior March 2013 medical decision is final and binding."  Tr. 15.  In the alternative to applying the doctrine of res judicata, the ALJ continued with the five-step sequential evaluation analysis.[2]  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period of October 1, 2009, through her date last insured, December 31, 2009. Tr. 18.  Therefore, the ALJ proceeded to step two, finding that "there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment" through the date last insured.  *Id*.  Based on her step two determination, the ALJ found that Plaintiff "was not under a disability, as defined in the Social Security Act, at any time from October 1, 2009, the alleged onset date, through December 31, 2009, the date last insured."  Tr. 19.

**August 6, 2014.**  Plaintiff filed a Request for Review of Hearing Decision/Order.  Tr. 10.

**January 28, 2015.**  The Appeals Council denied Plaintiff's request for review.  Tr. 6-8.

---

[2]The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. § 404.1520(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987).

## ALJ'S PROCEDURAL ANALYSIS

In her August 1, 2014, decision, the ALJ made the following determinations regarding the procedural history:

Plaintiff filed a DIB claim on February 8, 2012, alleging a disability onset of October 1, 2009. The claim was denied on April 12, 2012, and the Plaintiff did not appeal the denial. Tr. 14.

Plaintiff filed a second DIB claim on March 5, 2013. This application was denied in a medical decision on March 14, 2013. Plaintiff did not appeal the denial. Tr. 14.

Plaintiff filed a third DIB claim on July 8, 2013, alleging the same onset date. The claim was denied initially on July 12, 2013, and upon reconsideration on September 20, 2013. The ALJ refused to reopen Plaintiff's March 5, 2013, application for benefits applying the doctrine of res judicata and finding no good cause reason to reopen the prior decision. Tr. 14-15.

## JURISDICTION

On March 27, 2015, Plaintiff filed a complaint seeking judicial review of a decision of the Commissioner of Social Security denying DIB. ECF No. 1, 4. She alleges jurisdiction under 42 U.S.C. § 405(g) and asks the Court to overturn the Commissioner's decision to not re-open her prior application for benefits. ECF No. 14.

Section 405(g) of Title 42 U.S.C. gives district courts jurisdiction to review final decisions of the Commissioner. The decision of whether to reopen a previously adjudicated claim has been held to be a purely discretionary decision of the Commissioner, and is, therefore, not considered a "final" decision within the meaning of § 405(g). *Califano v. Sanders*, 430 U.S. 99 (1977); *Krumpelman v. Heckler*, 767 F.2d 586, 588 (9th Cir. 1985) (citing *Davis v. Schweiker,* 665 F.2d 934, 935 (9th Cir. 1982)). As such, district courts generally have no jurisdiction to review a refusal to reopen a claim for disability benefits or a determination that

such a claim is barred by res judicata. *Davis,* 665 F.2d at 935. However, a district court does have jurisdiction to determine whether res judicata was properly applied. *Krumpelman*, 767 F.2d at 588, citing *McGowen v. Harris*, 666 F.2d 60 (4th Cir. 1981). Therefore, the Court has jurisdiction to review the application of res judicata in this case and decide if the application was proper.

## STANDARD OF REVIEW

The Court reviews the ALJ's determinations of law *de novo*, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## RES JUDICATA

The question presented is whether the ALJ properly applied the doctrine of res judicata.

A final judgement on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action. *Federated*

*Dept. Stores, Inc. v. Moitie*, 452 U.S. 394 (1981).  This is known as the doctrine of res judicata.

The principles of res judicata apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings.  *Chavez v. Brown*, 844 F.2d 691, 693 (9th Cir. 1988).  Under this doctrine, a prior, final determination of nondisability has two results (1) it bars reconsideration of a period already adjudicated under a final administration decision, and (2) it creates a presumption of continued disability for the period subsequent to a final administrative decision.  *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995).  An initial determination is binding unless reconsideration is requested within the stated period of time.  20 C.F.R. § 404.905.  Here, the ALJ determined that a reconsideration of the period of October 1, 2009, to December 31, 2009, was barred by a prior March 2013 medical decision that was "final and binding."  Tr. 15.

In her decision, the ALJ found Plaintiff filed a second DIB claim on March 5, 2013, the application was denied in a medical decision on March 14, 2013, and Plaintiff did not appeal the denial.  Tr. 14.  To support this conclusion, the ALJ cited Exhibit 5E at 1 and Exhibit 7B.  Exhibit 5E at 1 is the May 20, 2013, letter stating that Plaintiff's application was denied on April 12, 2013, and she filed an appeal on May 16, 2013.[3]  Tr. 110.  This does not support the ALJ's conclusion that Plaintiff filed an application on March 5, 2013, there was a medical determination on March 14, 2013, and Plaintiff failed to appeal a denial.  Instead, it suggests that any denial may have been timely appealed.

---

[3]The May 20, 2013, letter states that the May 16, 2013, appeal is 4 days outside the 60-day time period allowed for an appeal.  Yet, May 16, 2013, is only 34 days from April 12, 2013.  Therefore, Plaintiff's appeal was not made outside the 60-day time period.

ORDER GRANTING DEFENDANT'S MOTION . . . - 7

Exhibit 7B is the September 20, 2013, Notice of Reconsideration referencing a "Reconsideration Filed: March 18, 20." Tr. 42. This Notice of Reconsideration states that Plaintiff applied and was denied benefits on March 9, 2012. *Id*. The September 20, 2013, Notice of Reconsideration does not support the ALJ's determination that Plaintiff applied for benefits on March 5, 2013, a medical determination was made on March 14, 2013, and Plaintiff failed to appeal a denial.

Reviewing the record as a whole, there is no reference to a March 5, 2013, application for benefits or a March 14, 2013, medical determination concluding that Plaintiff was not disabled from October 1, 2009, to December 31, 2009. The ALJ applied res judicata based on these phantom applications and medical determinations. Tr. 14-15. The record does not support the conclusion that this application was filed, and it does not support the conclusion that a resulting medical determination was a "final and binding" administrative decision. Therefore, the ALJ improperly applied the doctrine of res judicata.

The ALJ's reliance on an absent application and medical determination in her application of res judicata results raises a due process concern. In *Sanders*, the Supreme Court held that a review of the determination of res judicata was not a final decision of the Commissioner and, therefore, district courts lack jurisdiction to review the determination. 430 U.S. at 107-109. However, it recognized an exception "where the Secretary's denial of a petition to reopen is challenged on constitutional grounds." *Id*. at 109. Plaintiff raised the potential of a due process violation in his briefing. ECF No. 14 at 9-10. As such, the Court potentially has jurisdiction to review the res judicata determination on its merits.

In any event, any error resulting from the ALJ's res judicata determination is harmless in this case because the ALJ made an alternative finding addressing Plaintiff's eligibility from October 1, 2009, to December 31, 2009. *See infra*.

### STEP II DETERMINATION

In the alternative to denying review based on res judicata, the ALJ also

concluded that Plaintiff was not disabled at step two of the sequential evaluation process. Tr. 18-19.

Plaintiff does not challenge the alternative step two determination in her briefing. ECF No. 14. The Court ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). The Ninth Circuit explained the necessity for providing specific argument:

> The art of advocacy is not one of mystery. Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court. Particularly on appeal, we have held firm against considering arguments that are not briefed. But the term "brief" in the appellate context does not mean opaque nor is it an exercise in issue spotting. However much we may importune lawyers to be brief and to get to the point, we have never suggested that they skip the substance of their argument in order to do so. It is no accident that the Federal Rules of Appellate Procedure require the opening brief to contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9)(A). We require contentions to be accompanied by reasons.

*Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003). Moreover, the Ninth Circuit has repeatedly admonished that the court will not "manufacture arguments for an appellant" and therefore will not consider claims that were not actually argued in an appellant's opening brief. *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). Because Plaintiff failed to provide any briefing on the issue, any step two argument is waived.

Here, the ALJ made an alternative decision including the relevant time period for all applications in the record, October 1, 2009, to December 31, 2009. She found Plaintiff not disabled at step two. Therefore, any error surrounding the ALJ's res judicata finding is harmless. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (an error is harmless when "it is clear from the record that the

. . . error was inconsequential to the ultimate nondisability determination").

Furthermore, even if Plaintiff had addressed the issue of the step two determination in her brief, the ALJ's determination is supported by substantial evidence. An "impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [a claimant's] statement of symptoms." 20 C.F.R. § 404.1508. The record does not contain a single piece of objective medical evidence from the relevant time period. There, the ALJ's determination that Plaintiff did not have a medically determinable impairment during the relevant time period is supported by the record.

## CONCLUSION

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Defendant** and the file shall be **CLOSED**.

DATED January 20, 2016.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION . . . - 10